IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. DOMINIC HIGH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-13-1188-D |
| ) | |
| 1. UNITEDHEALTH GROUP, INC. ) | JURY TRIAL DEMANDED |
| ) | ATTORNEY LIEN CLAIMED |
| 2. OPTUMRX ) | |

## COMPLAINT

**COMES NOW THE PLAINTIFF** and for his causes of action pleads as follows:

### PARTIES

1. The Plaintiff is Dominic High, an adult male resident of Oklahoma County, Oklahoma.

2. The Defendants are UnitedHealth Group, Inc. and OptumRx, both companies doing business in Oklahoma County, Oklahoma.

### JURISDICTION AND VENUE

3. Plaintiff's causes of action are for disability discrimination (including wrongful termination) in violation of the Americans with Disabilities Act and the Oklahoma Anti-Discrimination Act. Plaintiff also asserts claims for interference with his FMLA rights and retaliation after he exercised and/or requested to exercise his FMLA rights in violation of the FMLA. Jurisdiction over the federal claims are vested in this Court under 29 U.S.C. § 2617(a)(2), 42 U.S.C. § 12117(a) and 28 U.S.C. § 1331. The state law claims arise out of the same core of facts and jurisdiction over them are vested under 28 U.S.C. § 1367(c).

4. All of the actions complained of occurred in Oklahoma County, Oklahoma, and the Defendants may be served in that county. Oklahoma County is within the Western District of the United States District Court of Oklahoma and venue is appropriate in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

5. Each Defendant employed at least fifty (50) or more employees within seventy-five (75) road miles of Plaintiff's work location during each of at least twenty (20) weeks during the calendar year of Plaintiff's termination. Defendants are each covered employers under the FMLA and the ADA. There is no minimum employee requirement to be subject to the OADA.

6. Plaintiff's pay records reflect his employer was UnitedHealth Group, Inc. Plaintiff was also employed by OptumRx, a subsidiary of UnitedHealth Group, Inc. that provides retail pharmacy network claims processing, among other services. The defendants constitute a single employer or integrated enterprise who are jointly liable for the claims herein.

7. Plaintiff was employed by the Defendants from around the end of November, 2010 until around May 7, 2013.

8. During the period of Plaintiff's employment Plaintiff suffered and continues to suffer from Post Traumatic Stress Disorder (PTSD), an impairment which, without regard to the ameliorative effects of mitigating measures substantially limits one or more major life activities and bodily functions, including (but not limited to):

   A. Plaintiff would suffer from extreme anxiety and panic attacks;

   B. Plaintiff would be unable or nearly unable to concentrate and think coherently;

   C. Plaintiff would be unable or nearly unable to communicate with others, including customers while working for the Defendant.

   D. Plaintiff's ability to sleep would be substantially impaired in that Plaintiff would only be able to sleep an hour or two at a time without waking with extreme anxiety.

   E. Such impairment also significantly impairs Plaintiff's neurological and cardiovascular functions which result in the above impairments, among others.

9. As a result of the limitations set out in Para. 8, above, Plaintiff suffers from a

-

disability as defined by the Americans with Disabilities Act in that he suffers from a condition which materially impairs major life activities and bodily functions as defined by 42 U.S.C. § 12102(1)(A), (2)(B) and/or is regarded as having such impairment as defined by 42 U.S.C. § 12102(1)(C), (3).

10. At the least, Defendants perceived Plaintiff as having a disability. Plaintiff's supervisor told him that he should not take off work for PTSD and indicated that PTSD was not a legitimate condition and/or that Plaintiff did not legitimately suffer from such condition.

11. Plaintiff's PTSD is a serious health condition such that leave for treatment was covered under the FMLA.

12. Plaintiff requested intermittent FMLA leave for treatment of his PTSD. Such intermittent leave was a reasonable accommodation for Plaintiff's impairment.

13. Plaintiff's direct supervisor, Alavare Moreno, made disparaging comments about Plaintiff and his need for FMLA leave, including telling the Plaintiff that he should not have to take off work for PTSD.

14. Plaintiff told Ms. Moreno that he felt like he was being targeted and set up because of his PTSD and requests for FMLA leave.

15. Around May 8, 2013 Plaintiff was terminated. The claimed reason was "call avoidance" in transferring a call. However, Plaintiff properly followed training and procedures in transferring the call and did not take any action warranting termination.

16. At the time of his discharge and when Plaintiff took off work because of his PTSD, Plaintiff had not utilized twelve (12) weeks of FMLA leave during the prior twelve (12) calendar months.

17. After Plaintiff's termination he sought medical treatment, however he was unable to utilize FMLA because he had been terminated. Such termination resulted in an interference with Plaintiff's FMLA rights.

18. Motivating factors in the Plaintiff's termination included Plaintiff's disability, his

request for reasonable accommodations, complaints of disability discrimination and/or his use of FMLA leave. At the least, these factors were part of a mixture of motives for the termination such that Plaintiff is protected by the mixed motive doctrine. Plaintiff's request for accommodations may also have been a cause of Plaintiff's termination.

19. As a direct result of Plaintiff's termination he has suffered, and continues to suffer, lost wages (including past, present and future wages along with the value of benefits associated with such wages) and dignitary harm/emotional distress damages including frustration, worry, anxiety, stress and other similar, unpleasant emotions.

20. Plaintiff has exhausted his administrative remedies for the disability discrimination claim by timely filing a charge of discrimination with the EEOC on June 5, 2013. The EEOC issued Plaintiff his right to sue letter on August 21, 2013 and Plaintiff received such letter thereafter. This complaint is timely filed within ninety (90) days of Plaintiff's receipt of his right to sue letter.

21. Plaintiff returned to the EEOC on November 5, 2013 to file a charge of discrimination for retaliation. Plaintiff intends to amend the complaint to include these additional claims after exhausting his administrative remedies. There are no exhaustion requirements under the FMLA.

## COUNT I

For Plaintiff's first cause of action he incorporates the allegations set forth above and further provides that:

22. Discrimination on the basis of a disability or perceived disability is contrary to the ADA and the OADA.

23. Under this Count Plaintiff is entitled to compensation for his lost wages (past, present and future including the value of benefits associated with such wages), emotional distress/dignitary harm damages, attorney fees and costs.

24. Because the actions of the Defendants were willful, malicious or, at the least, in reckless disregard for Plaintiff's federal and state protected rights such that Plaintiff is entitled to an award of punitive damages under both federal and Oklahoma law.

25. Plaintiff asserts that the OADA damage caps are unconstitutional under Oklahoma's prohibitions against special laws, and that Plaintiff is entitled to the full range of normal tort damages.

## COUNT II

For Plaintiff's second cause of action he incorporates the allegations set forth above and further provides that:

26. Interference with Plaintiff's FMLA rights and retaliation against the Plaintiff for Plaintiff's exercise of his rights under the FMLA are both violations of the FMLA.

27. Defendants' actions were willful as defined by the FMLA.

28. As a result of such retaliation Plaintiff is entitled to actual and equitable damages including lost wages (past, present and future and for the value of benefits associated with his earnings), liquidated damages, pre-judgment interest, attorney fees and costs.

## PRAYER

Plaintiff respectfully requests this Court enter judgment in his favor and against the Defendants and grant him all compensatory damages suffered together with: punitive damages, liquidated damages, attorney's fees, costs; and interest and such other legal and equitable relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED THIS 6th DAY OF NOVEMBER, 2013**.

    s/Amber L. Hurst
Mark Hammons, OBA No. 3784
Amber L. Hurst, OBA No. 21231
Hammons, Gowens, Hurst & Associates
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
Email: Amberh@hammonslaw.com
*Counsel for Plaintiff*